## C. T. JESSUP *v.* E. B. DENNISON.

### (No. 5,077.)

1. If a wrong date be inserted in a promissory note and it be changed by the holder to the true date intended by the parties, the note will not thereby be vitiated.
2. The day payable for a note is the one originally intended, and if a mistake occur in the dating, it may be corrected by the holder, so as to make it mature at the time in fact intended by the parties.

GENERAL TERM.—Proceeding in error to reverse a judg-

ment rendered at special term, upon a submission of the facts of the case to the court. It appears that a note for $330, made by C. T. Jessup, payable to W. D. Ludlow, or order, six months after date, was dated, by mistake, on the 1st January, 1855, instead of the 1st January, 1856. The case at special term is reported in vol. 1, p. 580.

*T. A. O'Connor, A. H. McGuffey and Mills & Hoadly,* for plaintiff in error.

*Thos. C. Ware,* for defendant in error.

GHOLSON, J., delivered the opinion of the court.

The only question which arises on the record is, whether, upon an indorsement of this note, during the six months from 1st January, 1856, an indorser, having given value, and being ignorant of any fraud in the inception of the note, may claim as the holder of negotiable paper. It is insisted, on the one side, that the note can not be regarded as a negotiable note, and, on the other, that, except as to the risk, of the allegation of a mistake in the date being untrue, it is, in all respects, to be considered a negotiable note—the mistake in the date not affecting the character of the security, and not being material.

In the argument of the counsel for the plaintiff in error, it is urged that the " act making certain instruments of writing negotiable," in direct and express terms, concludes any inquiry on the subject, and that a note can not, for the purpose of negotiability, be shown to have any date other than that which appears literally on its face; that proof of a mistake, however clear, is not admissible, because it would contradict the language of the third section of the statute, " That if any such bond, note, or bill of exchange, shall be indorsed after the day on which it is made payable," etc.,—the day on which it is made payable being, it is claimed, necessarily, the day appearing on the face of the note, and not the real

day intended by the parties, and unintentionally changed in writing it down.

Now, it appears to us, that, in order to make good the argument derived from a construction of the statute, the very point in dispute must be assumed. The very question is, on what day the note was made payable. In this case it certainly was not six months after the 1st of January, 1855, for the note, in point of fact, was not in existence until the 1st of January, 1856. We suppose the statute has not, and was never intended to have, any effect on the rules governing questions of mistake, as to dates of written instruments. The third section of the act is simply declaratory of the well established rule of commercial law, as to the rights of the holders of negotiable instruments, indorsed after their maturity ; but when an instrument should be deemed payable, and the effect, on that question, of a mistake in the date, was not a matter in the contemplation of the legislature. We feel, therefore, free to inquire as to the proper rule on the subject, on the general principles of law, as ascertained and decided, unrestricted by anything in the language of the statute.

None of the instruments mentioned in the act can be considered as made until delivered. The day of the date will, generally, be intended as the day of delivery; but it is clear that proof may be offered to show that, in fact, the instrument was delivered on a subsequent day, and then the instrument will be considered as having effect from the day of delivery, and not from the day of the date. 1 Chitty Pl. 648; *Steele* v. *Mart*, 4 B. & C. 272; 10 E. C. L. 331; 12 Ind. 274; 2 Strob. 308–9. If a wrong date be inserted in a note, and it be changed to the true date, as intended by the parties, it will not be considered a material alteration, or vitiate the note. *Brutt* v. *Pichard*, R. & M. 37; 21 E. C. L. 376; *Jacobs* v. *Hart*, 2 Stark. 43; 3 E. C. L. 237; 58 id. 305; 3 Per. & Dar. 71; 3 Esp. 246; 84 E. C. L. 179.

In an action on a bill or note, though it be payable at a particular time " after date," it is not necessary, under the

old form of pleading, to describe the instrument as "bearing date" on a certain day; it will suffice to say that, "heretofore, to-wit, on," etc., it was made, etc. The court will intend that it was made on the day it appears to bear date; but, undoubtedly, the true day on which it was made might be proved, though different from that appearing as its date. 1 Chitty Pl. 257, 648.

If it would have been competent for the holder of the note in this case, before he negotiated it to the defendant in error, to have corrected the mistake as to the date, there can be no possible reason why the defendant in error might not have taken the note with an explanation as to the mistake; and whether the true date was, in fact, inserted, or the note was treated as if corrected in its date, can make no difference as to the rights of the parties. Undoubtedly, the defendant in error, when they took the note, were put upon inquiry as to the date of the note. A very common and natural mistake, in that respect, is explained, on the first day of a new year the figures of the old year are inserted. Satisfied that such a mistake had occurred, was he bound to go further, and inquire into the consideration of the note? We think not, and there being no doubt or dispute as to fact of a mistake in the date, in our opinion the defendant in error was entitled to treat the note as if it had been correctly dated. The judgment, therefore, will be affirmed.

Judgment affirmed.